UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

LISA GRACE,
Plaintiff,

v.                  Civil Action No. 3:26-cv-00103

RANDSTAD USA, LLC
and ALCON RESEARCH, INC,
Defendants.

COMPLAINT (ADA DISABILITY DISCRIMINATION – PRO SE)

1. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12101 et seq.
2. This Court has jurisdiction under 28 U.S.C. Section 1331.
3. Venue is proper in this District under 28 U.S.C. Section 1391 because the events giving rise to this action occurred in Huntington, West Virginia.

FACTUAL ALLEGATIONS

4. Plaintiff Lisa Grace is Deaf and is a qualified individual with a disability under the Americans with Disabilities Act.
5. In or about September 2022, Plaintiff applied for an entry-level manufacturing/production position through Defendant Randstad USA, LLC, to be placed at Defendant Alcon Research, Inc. in Huntington, West Virginia.
6. Plaintiff successfully completed the pre-employment process, including an interview, onboarding paperwork, a drug test, and providing personal information such as banking information for direct deposit, a copy of her driver's license, Social Security card, and high school diploma. Plaintiff reasonably believed she would be placed into the position and begin training pending completion of pre-employment requirements, including the background check.
7. Plaintiff informed Defendants of her disability and requested a reasonable accommodation in the form of a temporary American Sign Language interpreter during initial job training, estimated to be approximately one to two weeks.

1

8. Plaintiff requested the accommodation to determine whether ongoing accommodation would be necessary after completing training.
9. Defendants did not engage in a good-faith interactive process to explore reasonable accommodations.
10. Plaintiff was not permitted to begin work, receive training, or attempt to perform the job with the requested accommodation.
11. Plaintiff was later informed that Defendants would not move forward with her employment because the requested accommodation was deemed "not doable."
12. The essential functions of the position did not inherently required hearing, and the job involved task-based duties such as inspection, assembling, packaging, and quality control.
13. Defendants made assumptions about Plaintiff's abilities based on her disability rather than conducting an individualized assessment.
14. Plaintiff was encouraged to apply for other positions without any explanation as to how her accommodation needs would be handled differently.
15. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).
16. The EEOC investigated the matter and issued a Determination finding reasonable cause to believe that Defendants violated the ADA.
17. Conciliation efforts were unsuccessful.
18. The EEOC issued Plaintiff a Notice of Right to Sue on December 8, 2025.

CLAIMS FOR RELIEF

COUNT I
Disability Discrimination (American with Disabilities Act)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.
20. Plaintiff is a qualified individual with a disability within the meaning of the ADA.
21. Defendants discriminated against Plaintiff on the basis of disability by denying her employment.
22. Defendants' actions were intentional, willful, and in violation of the ADA.

COUNT II
Failure to Provide Reasonable Accommodation (American with Disabilities Act)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.
24. Plaintiff requested a reasonable accommodation in the form of a temporary American Sign Language interpreter during training.
25. Defendants failed to engage in a good-faith interactive process and denied the requested accommodation.
26. Defendants' failure to provide reasonable accommodation violated the ADA.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' conduct violated the Americans with Disabilities Act;
B. Award Plaintiff compensatory damages for emotional distress and other losses;
C. Award Plaintiff back pay and lost wages;
D. Award punitive damages as permitted by law;
E. Award Plaintiff costs and reasonable attorney's fees pursuant to the ADA;
F. Grant injunctive relief requiring Defendants to comply with the ADA; and
G. Grant such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

*Lisa Grace*

Lisa Grace
Date: February 7, 2026
27 Ridge Road
Wayne, WV 25570
304.521.2490
Grace8785@yahoo.com

Plaintiff, Pro Se